IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN W. CARROLL, | ) | 8:04CV344 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ALLIED CONSTRUCTION | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff has filed a motion to dismiss this action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2), for the stated purpose of filing a § 1981 action against Defendant and others. (Filing 39.) Defendant opposes the motion, arguing that a meritorious motion for summary judgment has been filed by it, and, in any event, that the case is ready for trial. Alternatively, Defendant requests that Plaintiff, as a condition precedent to refiling the action, be required to reimburse Defendant for all costs incurred in this action and for attorney fees associated with the summary judgment motion, and that no further discovery by Plaintiff be allowed in any subsequent action. See Fed. R. Civ. P. 41(a)(2) and (d). Plaintiff's motion will be denied because the present action already includes a § 1981 claim against Defendant and the deadline for adding parties has long since passed.

"Motions to dismiss without prejudice are addressed to the sound discretion of the district courts." Witzman v. Gross, 148 F.3d 988, 991 (8th Cir. 1998) (quoting Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir.1984)). Negative factors include (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that

a motion for summary judgment has been filed by the defendant.  See id., at 992 (citing Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987)). Voluntary dismissal under Rule 41(a)(2) should not be granted if a party will be prejudiced by the dismissal.  Metropolitan Federal Bank of Iowa, F.S.B. v. W.R. Grace & Co., 999 F.2d 1257, 1262 (8th Cir. 1993) (citing Garfield v. Kansas City S. Ry., 907 F.2d 841, 842 (8th Cir.1990) (per curiam)).

The present action was initiated on July 27, 2004, by Plaintiff filing a pro se complaint alleging that he was discriminated against while employed by Defendant. (Filing 1.)  Plaintiff's accompanying motion for leave to proceed in forma pauperis was granted on August 18, 2004.  (Filings 2, 4.)  On October 21, 2004, Magistrate Judge Gossett entered an order on initial review of the complaint, finding certain pleading deficiencies and directing Plaintiff to file an amended complaint in which Plaintiff was to allege, among other things, whether he was basing his discrimination claim on Title VII or some other statutory or constitutional basis. (Filing 5.) Plaintiff filed an amended complaint on November 2, 2004.  (Filing 6.)  On November 15, 2004, upon initial review of the amended complaint, Judge Gossett found that Plaintiff was not proceeding under Title VII because he had not attached a copy of an administrative charge or EEOC "right to sue" letter, but that a § 1981 claim was stated; consequently, the clerk was directed to issue summons. (Filing 7.) Plaintiff promptly filed an objection to Judge Gossett's order, stating that the administrative charge and EEOC "right to sue" letter were, in fact, attached to the amended complaint. (Filing 8.) Upon reconsideration on December 14, 2004, Judge Gossett agreed and amended his previous order to provide that "the plaintiff is proceeding under 42 U.S.C. § 1981 **and** Title VII for his claim of racial discrimination in employment." (Filing 9 (bold in original).) Summons was issued on March 7, 2005, and was served on Defendant by the Marshal on March 11, 2005. (Filings 11, 15.) On March 19, 2005, attorney Sheri E. Long Cotton entered an appearance on behalf of Plaintiff, but no change was made to the pleadings.  (Filing 14.)

Defendant filed for a 30-day enlargement of time to respond to the amended complaint, which was granted by the clerk. (Filings 12, 13.) Defendant filed an answer on April 28, 2005. (Filing 17.)

The parties jointly filed a Rule 26(f) planning conference report on May 18, 2005, using the standard form prescribed by the court. (Filing 20.) In paragraph 2 of the report, where the parties were to specify any claims or defenses that they agreed could be ordered dismissed or stricken by the court, Plaintiff and Defendant stated: "None at this time." (Id.) In paragraph 3 of the report, however, where the parties were to set forth the elements of Plaintiff's remaining claims, no mention was made of Plaintiff's § 1981 claim; the parties only indicated that Plaintiff was asserting claims under Title VII, for disparate treatment, harassment, and retaliation. (Id.)

On May 25, 2005, Magistrate Judge Piester entered a scheduling order which, among other things, established a trial date of September 26, 2005. (Filing 21.) The next day, Defendant filed a motion for a continuance, based on scheduling conflicts of defense counsel. (Filing 23.) The motion was granted, and trial was continued to November 28, 2005; no other changes were made to the scheduling order, however. (Filing 24.) The scheduling order provided that any motion to amend the pleadings (including the addition of parties) was required to be filed within 60 days (i.e., by July 27, 2005). (Filing 21, ¶ 6.)

On June 30, 2005, Defendant filed an unopposed motion to extend the deadline for filing summary judgment motions, for the reason that the parties had been unable to schedule Plaintiff's deposition. (Filing 29.) The motion was granted, and the deadline was extended to August 15, 2005. (Filing 30.)

On July 14, 2005, Plaintiff filed an unopposed motion for a continuance. (Filing 32.) The motion was granted in part, in that the trial was continued until January 9, 2006, and the deposition deadline was extended to December 6, 2005

(effectively extending the summary judgment deadline to November 4, 2005); in all other respects, the scheduling order was unchanged. (Filing 33.)

On October 17, 2005, Defendant filed another unopposed motion to extend the summary judgment deadline, citing as reasons Plaintiff's continuing unavailability for a deposition and other discovery delays occasioned by Plaintiff. (Filing 34.) The motion was granted, with the summary judgment deadline extended to November 28, 2005. (Filing 38.)

Plaintiff filed his motion to dismiss on November 28, 2005. Later that same day, Defendant filed a motion for summary judgment. (Filing 41.) Defendant's brief suggests that Plaintiff has asserted claims of racial discrimination and retaliation arising under Title VII and also the Nebraska Fair Employment Practice Act. (Id.)

Inasmuch as the court has construed Plaintiff's amended complaint as stating a claim for relief under 42 U.S.C. § 1981, there is no need for Plaintiff to refile his action. While Plaintiff may desire to refile for the purpose of adding defendants, he has not shown that he was unable to comply with the deadline that was established in the court's progression schedule for adding parties.[1] Indeed, it does not appear that Plaintiff has even conducted any discovery, save for requesting the issuance of a subpoena directed to the Nebraska Equal Opportunity Commission. Defendant, by contrast, appears to have undertaken significant discovery, to the extent that it is fully prepared for trial.

Each of the four factors identified by the Eighth Circuit in Witzman weigh against granting a voluntary dismissal in this case, and I conclude that Defendant

---

[1] Plaintiff states in his reply brief that "his main injury is the offensive treatment against him by employees of the Defendant and union members." (Filing 45 at 4.) Plaintiff presumably knew the identity of these persons at the time he first filed the action.

would be prejudiced if Plaintiff were not required to refute the evidence presented in support of Defendant's summary judgment motion. While the court could impose conditions on Plaintiff filing another action against Defendant, see Belle-Midwest, Inc. v. Missouri Property & Cas. Ins. Guarantee Ass'n, 56 F.3d 977, 978-79 (8th Cir. 1995) (under certain circumstances, it is an abuse of discretion for a district court not to condition a voluntary dismissal upon plaintiff's payment of costs and attorney's fees if the case is refiled), Defendant has expressed a clear preference for having the pending summary judgment motion determined, possibly resulting in the dismissal of the action with prejudice. Plaintiff's in forma pauperis status also makes it impractical to impose meaningful conditions precedent to refiling. See Herring v. City of Whitehall, 804 F.2d 464, 468 (8th Cir. 1986) (abuse of discretion for district court not to consider plaintiff's financial ability to perform conditions imposed under Rule 41(a)(2) and (d)). Thus, Plaintiff's motion to dismiss will be denied.

Plaintiff is reminded that his deadline for responding to Defendant's summary judgment motion is December 21, 2005. Because the trial is scheduled to commence on January 9, 2006, the court will not extend this deadline. Although Defendant's reply brief will not be due until 5 days after service of Plaintiff's brief (potentially as late as January 3, 2006), Defendant is requested to file the brief as soon as possible.

IT IS ORDERED that Plaintiff's motion to dismiss (filing 39) is denied.

December 14, 2005.   BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge