IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN W. CARROLL, | ) | 8:04CV344 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ALLIED CONSTRUCTION | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This employment discrimination case, which previously has been construed as arising under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17, is now before the court on Defendant's motion for summary judgment (filing 40). Plaintiff has failed to respond to the motion,[1] and, pursuant to our local rules,[2] I deem Defendant's statement of material facts to be admitted by Plaintiff. That is, it is undisputed that:

---

[1] On December 22, 2005, I granted Plaintiff's counsel an enlargement of time, until January 4, 2006, to respond to the summary judgment motion. (Filing 56.) On January 3, 2006, Magistrate Judge Piester, at the request of Plaintiff's counsel, entered an order staying the action for 30 days (i.e., until February 2, 2006) and continuing the trial until February 27, 2006.

[2] The party opposing a motion for summary judgment shall include in its brief a concise response to the moving party's statement of material facts. The response shall address each numbered paragraph in the movant's statement and, in the case of any disagreement, contain pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials upon which the opposing party relies. Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response.

NECivR 56.1(b)(1) (emphasis in orginal).

1. Plaintiff John W. Carroll is an African-American male.

2. At all times pertinent to this action, Gregory A. Krueger ("Krueger") was Defendant's Superintendent of Construction who had knowledge regarding the interview, hiring, transfer, and termination of Plaintiff as set out herein.

3. Defendant first hired Plaintiff as a Journeyman Carpenter effective December 4, 2002, and Plaintiff was at all times pertinent to this action employed by Defendant in Omaha, Nebraska.

4. Plaintiff first worked on the Immanuel Courtyard Project from December 4, 2002, until December 17, 2002, at which time Krueger took him off the project because the project Foreman, Darryl Rowe, reported Plaintiffs' slow work performance.

5. Defendant then transferred Plaintiff to the Oakview M.O.B. Project, where he worked from December 18, 2002, until January 9, 2003, at which time Plaintiff was removed from the project because the project Foreman, Chris Sullivan ("Sullivan"), and Krueger observed that Plaintiff was too slow in framing and hanging drywall.

6. Krueger met with Plaintiff on January 6, 2003, to explain Defendant's production expectations.

7. Plaintiff was then transferred to the AIMC Package # 2 project on January 6, 2003, where he worked from January 10, 2003, until January 27, 2003. While on this job, and at a meeting with Krueger, Plaintiff called the AIMC project Foreman, Steve Swaney ("Swaney"), a racist.

8. Krueger later removed Plaintiff from the AIMC project because Swaney reported that Plaintiff was too slow in completing projects and had committed errors.

9. Defendant transferred Plaintiff to the Union Pacific Headquarters project on January 29, 2003, where he worked until May 2, 2003. Plaintiff was assigned to finish an elevator shaft project on the

thirteenth floor of the Union Pacific Building within one week. The Union Pacific project foreman, Joe Linhart, reported that it took Plaintiff and an apprentice over three (3) weeks to complete the project.

10. Based upon Plaintiff's slow performance at these four job sites, Krueger laid off Plaintiff on May 9, 2003.

11. In addition to Plaintiff, Defendant has laid off at least one white Journeymen Carpenter for poor work performance.

12. In July of 2003, Plaintiff filed a charge with the Nebraska Equal Opportunity Commission ("NEOC"), which was dually filed with the Equal Employment Opportunity Commission ("EEOC"), contending race/color discrimination and retaliation for complaining to Defendant about such discrimination.

13. Plaintiff alleges in his Amended Complaint that he was "called a Nigger on a daily basic [sic]," that his coffee was spat in, and that he "was spit on while the white journey carpenter worked off of a scalfold [sic] above me." Plaintiff did not raise any of these issues in his NEOC/EEOC Charge of Discrimination, and he did not alert an NEOC officer of these allegations until the investigation was almost complete.

Defendant's Brief (filing 41) at 4-6 (citations to record omitted).

## I. DISCUSSION

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). See also Egan v. Wells Fargo Alarm Servs., 23 F.3d 1444, 1446 (8th Cir.1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. Bell v. Conopco, Inc., 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts

in the light most favorable to the party opposing the motion. Dancy v. Hyster Co., 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate their allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting Gregory v. City of Rogers, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." Id. Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Rule 56(e) provides that, when a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250. Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324.

4

Summary judgment is disfavored in employment discrimination cases, as such cases are "inherently fact-based." Mayer v. Nextel West Corp., 318 F.3d 803, 806 (8th Cir.2003) (quoting Keathley v. Ameritech Corp., 187 F.3d 915, 919 (8th Cir.1999)). Nonetheless, summary judgment is proper when a plaintiff fails to establish a factual dispute on an essential element of his case. Simpson v. Des Moines Water Works, 425 F.3d 538, 542 (8th Cir. 2005).

Absent direct evidence of discrimination, Title VII and § 1981 claims are analyzed under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Maxfield v. Cintras Corp. No. 2, 427 F.3d 544, 550 (8th Cir. 2005). Under the McDonnell Douglas framework, a plaintiff first has to establish a prima facie case by showing that he or she: (1) is a member of a protected group; (2) was meeting the legitimate expectations of the employer; (3) suffered an adverse employment action; and (4) under circumstances permitting "an inference of discrimination." Id. (quoting Zhuang v. Datacard Corp., 414 F.3d 849, 854 (8th Cir. 2005)). If the plaintiff establishes a prima facie case, the defendant must articulate a legitimate, nondiscriminatory reason for the action. Id. If the defendant does so, the plaintiff must offer evidence showing that the defendant's legitimate reason is merely a pretext for discrimination. Id.

There is no dispute that the first and third elements of the prima facie test are satisfied in this case. There is evidence that Plaintiff was not meeting Defendant's expectations, but no evidence that might give rise to an inference that Plaintiff was fired because of his race. Defendant has shown, in fact, that the reason for Plaintiff's discharge was his slow performance of four jobs. Plaintiff has not rebutted this showing. It follows that Plaintiff's race discharge claim must be dismissed.

To establish a prima facie case of retaliation, Plaintiff must show that he engaged in protected conduct, that he suffered an adverse employment action, and that the adverse action was causally linked to the protected conduct. See Davis v. KARK-TV, Inc., 421 F.3d 699, 707 (8th Cir. 2005). The only evidence of protected

5

conduct is the filing of a complaint with the NEOC, but this occurred after Plaintiff's discharge. Also, Plaintiff has again failed to rebut Defendant's evidentiary showing that the reason for Plaintiff's discharge was poor work performance. Thus, Plaintiff's retaliatory discharge claim must also be dismissed.

Finally, to the extent Plaintiff alleges that he was subjected to a hostile work environment, he has failed to present any evidence to support such allegations. It further appears that he has failed to exhaust administrative remedies regarding such claim under Title VII. This claim, like the others, fails as a matter of law.

IT IS ORDERED that Defendant's motion for summary judgment (filing 40) is granted. Judgment shall be entered by separate document.

February 7, 2006.                    BY THE COURT:

                                     s/ *Richard G. Kopf*
                                     United States District Judge